BOYCE F. MARTIN, JR., Circuit Judge,
concurring.
This case presents a question of first impression in the federal courts — the construction and application of 38 U.S.C. § 4302. Section 4302 is an exceedingly strange statute, at least as applied to contractual waivers of rights, in that it bases the validity of an agreement on whether enforcement results in a situation “more beneficial” than the hypothetical scenario that would have existed had the plaintiff litigated rather than waived his USERRA rights. I cannot recall ever having encountered anything remotely similar in my more than thirty years on the bench. When confronted with a case in the right posture — a plaintiff placing the waiver squarely at issue with factual support and seeking rescission under section 4302— section 4302 raises fascinating questions about what it means for one thing to be “more beneficial” than something else and how courts are to make that determination.
But the case is not before us in the right posture. Wysocki brought a USERRA claim without mentioning the Release. Then, when IBM asserted the Release as an affirmative defense, Wysocki argued the law — that section 4302 somehow automatically invalidates the Release — instead of coming forward with evidence to create a dispute over whether the Release resulted in a situation more beneficial than his USERRA rights. This case is, therefore, not the right vehicle for broad statements about the application of section 4302. I applaud the majority’s exercise of restraint in deciding this case narrowly instead of permitting these bad facts to result in bad law.
I concur without reservation in Part II because IBM’s pleadings and the Federal Rules of Civil Procedure put Wysocki on notice that IBM’s motion could be decided under Rule 56. However, Wysocki did nothing to supplement the record with evidence or an affidavit that would create a fact question on the key issue regarding the Release — whether the consideration received in return for executing the Release was more beneficial than his rights under USERRA. I also concur without reservation in Part III.A. The effect of the Release is to eliminate all of Wysocki’s procedural rights to enforce the protections of USERRA, in addition to eliminating those substantive protections as well. This complete elimination of procedural options clearly deprives Wysocki of the “fair opportunity” to enforce his USERRA rights required by Landis v. Pinnacle Eye Care, LLC, 537 F.3d 559, 563 (6th Cir. 2008). Thus, the Release implicates 38 U.S.C. § 4302. It remains for future courts to determine what level of elimination of discreet procedural options, short of wholesale ehmination, fails the “fair opportunity” test.
That leaves part III.B, discussing whether section 4302 renders the Release unenforceable. I concur in Part III.B as I interpret it, so I will explain my under *1110 standing of the majority’s analysis. The critical inquiry under section 4302 is whether the waiver of USERRA rights results in a situation more beneficial to the veteran than if the veteran had asserted his USERRA rights. I completely agree with the majority that both the text and legislative history of section 4302 indicate that a veteran should be able to waive his rights, so long as the waiver passes the test created by section 4302. Furthermore, I do not read section 4302 to affect the law’s general preference for enforcing contractual waivers of rights, as noted by the majority, ante at 1108. Stated differently, though section 4302 drastically alters the test for determining the enforceability of a waiver, it does not change the general sentiment that courts should not hesitate to enforce legally compliant waivers.
The majority properly focuses on three facts in determining that the Release passes section 4302 muster. First, the Release unambiguously seeks to waive all of Wysocki’s USERRA rights, or in the Release’s words, his rights based on “veteran status.” Second, Wysocki received substantial consideration in return for executing the Release. What I want to make clear is that these two facts, standing alone, are not sufficient to find that the Release satisfies section 4302. Just ber cause (1) a waiver clearly declares an intent to waive USERRA rights and (2) the veteran received substantial consideration does not permit the inference that the consideration was more beneficial to the veteran than his USERRA rights. Stated differently, the face of the Release does not allow for a conclusion of enforceability. At the most, it satisfied IBM’s initial burden of production in asserting the Release. The burden then shifted to Wysocki to come forward with evidence calling into question the Release’s satisfaction of section 4302. This brings us to the third, and most critical, fact in this case.
In addition to producing the Release, IBM presented evidence that Wysocki signed the Release knowingly, voluntarily, and not under duress. In response, Wysocki presented nothing but an incorrect legal argument that section 4302 invalidated the Release as a matter of law. He presented no evidence indicating that he was under duress or did not knowingly waive his USERRA rights. And more to the point, he did not present any evidence that would suggest that the money that he received for signing the Release was less beneficial than his USERRA rights, and thus inadequate under section 4302(a). An affidavit likely would have sufficed to create a question of fact that would have required the district court, and ultimately this Court, to determine what it means for one thing to be “more beneficial” than something else. Because Wysocki presented no such evidence, I agree with the majority that the proper conclusion on this record is that the Release resulted in a situation more beneficial to Wysocki than his USERRA rights and was thus enforceable under section 4302(b). Understanding the majority’s analysis in this way, I concur.